IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MYRA SANCHEZ-RODRIGUEZ (BOP Register No. 47846-177), | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:16-cv-2414-B-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Movant Myra Sanchez-Rodriguez, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. No. 2. This civil action has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the Section 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because "it plainly appears ... that [Sanchez-Rodriguez] is not entitled to relief." *Id.*

**Applicable Background**

In 2014, Sanchez-Rodriguez pleaded guilty to possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and on December 11, 2014, she was sentenced to 120 months' imprisonment. She dismissed

her direct appeal. And her Section 2255 motion raises only one claim – that she should have received a mitigating role adjustment under U.S.S.G. § 3D1.2. *See* Dkt. No. 2 at 1 (requesting that the Court "vacate her sentence ... as the sentence imposed does not reflect the relief awarded to those offenders, having a 'minor role' in their respective conspiracys" [sic]).

Prior to sentencing, Sanchez-Rodriguez objected to the presentence report's failure to include a mitigating role adjustment for minor participant. The probation officer maintained that she was not entitled to the reduction. And the Court agreed. Ultimately, the Court departed below the advisory guideline range, after granting the government's motion for a reduction based on Sanchez-Rodriguez's substantial assistance. *See* U.S.S.G. § 5K1.1.

Regardless of any impact that the role adjustment may have had on her ultimate below-guidelines sentence, as explained below, the single issue she now raises is not cognizable in a Section 2255 motion.

**Legal Standards and Analysis**

The United States Court of Appeals for the Fifth Circuit

> has noted repeatedly that "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995). "Because a challenge under section 2255 'may not do service for an appeal,' a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing 'both "cause" for his procedural default and "actual prejudice" resulting from the error.'" *Id.* at 741-42 (quoting *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991) (en banc), *cert. denied*, 502 U.S. 1076 (1992)).

*United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).

"A district court's calculation under or application of the sentencing guidelines standing alone" – the sole claim presented in the Section 2255 motion – "is not the type of error cognizable under section 2255." *Id.*; *accord Gray v. United States*, No. 3:13–CV–3542–L, 2014 WL 1724444 (N.D. Tex. Apr. 30, 2014).

For this reason, it "plainly appears" that Sanchez-Rodriguez "is not entitled to relief" on her Section 2255 motion, and the motion should be summarily dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

## Recommendation

The Court should summarily dismiss this Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 22, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE